■ Nancy R. Commins, Respondent, v Raymond A. Couture et al., Appellants. (And a Third-Party Action.) [785 NYS2d 160]—

Crew III, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered April 6, 2004 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

In November 2001, defendants decided to sell their residential property in the Town of Edinburg, Saratoga County. On or about November 12, 2001, plaintiff submitted a written offer to purchase defendants' property for $160,000. Insofar as is relevant to this appeal, the purchase offer contained two contingencies. The first, set forth in paragraph No. 3 of the purchase offer, required plaintiff to obtain a mortgage on or before December 14, 2001 (hereinafter the mortgage contingency). The second, set forth in item No. 5 of paragraph No. 12 of the purchase offer, conditioned plaintiff's purchase of defendants' residence upon the prior sale or rental of plaintiff's existing property (hereinafter the prior sale or rental contingency). Defendants objected to the prior sale or rental contingency and, more than once, rejected plaintiff's offer on that basis. On or about November 18, 2001, defendants struck the prior sale or rental contingency from the purchase offer, executed that document and presented it to plaintiff as a counteroffer. Plaintiff orally accepted the counteroffer and proceeded to secure financing for the transaction.

Unbeknown to defendants, plaintiff's lender advised her that it would not issue a mortgage until she sold her existing property or rented it for a specified monthly sum. Although not entirely clear from the record, it appears that plaintiff successfully leased her property on or about December 11, 2001 and the lender issued a mortgage commitment the following day subject to being provided with a copy of the sale contract. In the course of finalizing this transaction, plaintiff's attorney, apparently unaware that plaintiff previously agreed to the deletion of the prior sale or rental contingency, mistakenly informed defendants that such contingency must remain in the underlying contract. At this point defendants, frustrated by the fact

that the prior sale or rental contingency still was an issue, apparently communicated their unwillingness to proceed to a closing. Although there is some dispute as to whether defendants thereafter agreed to go forward with the sale, the parties seem to be in agreement that, on or about December 14, 2001, plaintiff provided written confirmation of her consent to the deletion of the prior sale or rental contingency and initialed defendants' striking of that clause from the sale contract. Having successfully obtained financing for this transaction, plaintiff proceeded to schedule a closing for December 20, 2001, at which defendants failed to appear.

Following defendants' refusal to convey title, plaintiff commenced this action for specific performance. Defendants answered and asserted, as an affirmative defense, that there was no meeting of the minds as to a material term of the contract and, hence, no valid contract existed between the parties. Discovery ensued, and defendants thereafter moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and this appeal by defendants ensued.

We affirm. Based upon our review of the record as a whole, we cannot say that defendants met their burden of establishing, as a matter of law, that no valid contract existed between the parties. The crux of defendants' argument on this point is that they never intended to enter into a contract for the sale of their residence with any individual who lacked the financial wherewithal to complete the transaction and whose ability to do so was in any manner contingent upon the sale or rental of existing property. Although defendants appear to acknowledge that plaintiff did ultimately consent, both orally and in writing, to the deletion of the prior sale or rental contingency, they argue that because plaintiff's mortgage commitment was contingent upon the prior sale or rental of her property, plaintiff, in effect, continued to receive the benefit of the prior sale or rental contingency despite its removal from the sale contract. According to defendants, plaintiff essentially was afforded the same protection under the mortgage contingency that she received under the objectionable and now stricken prior sale or rental contingency. Thus, inasmuch as defendants did not want to enter a contract that was in any way contingent upon the prior sale or rental of plaintiff's premises, they contend that there was no valid meeting of the minds on a material term of the sale contract and, therefore, no valid acceptance of their counteroffer.

Defendants' argument on this point overlooks certain key points, not the least of which being that plaintiff did secure

financing within the time allotted and was fully prepared to close. More importantly, there simply is nothing in the contract of sale contained in the record that in any way substantiates the argument now raised by defendants on appeal. Simply stated, their stated beliefs and desires regarding the type of individual to whom they wished to sell their residence are not contained within the four corners of the counteroffer they executed, and defendants cannot resort to parol evidence to create an ambiguity where one does not otherwise exist. Thus, whatever defense or justification may exist for defendants' refusal to proceed with the subject transaction, we cannot say that defendants established, as a matter of law, that there was no meeting of the minds between the parties at issue. Accordingly, defendants' motion for summary judgment was properly denied.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.